### STATE, Plaintiff, v. LANGDON, Defendant.

Municipal Court, City of Hamilton.

No. 52868.   Decided January 15, 1954.

188

Persson & Black, Hamilton, for the State.
Kautz & Holbrock, Hamilton, for defendant.

## OPINION

By IMFELD, J.

The undisputed evidence in the case before the Court clearly reveals the fact that Miles Langdon did, on the tenth day of July 1953, sell to Calvin Bekemeier a Fifth of P. M. Whiskey and that said Miles Langdon does not hold a liquor license permitting him to sell whiskey by the bottle. If this was all the Court had to consider it would be no problem to decide the matter. The Court must however give consideration to all the circumstances surrounding the sale to determine whether or not defendant was urged on in some way to violate the law, and if so, were the circumstances surrounding this urgency strong enough to constitute entrapment as claimed by counsel for the defendant.

In reviewing the laws on entrapment, 15 American Jurisprudence, page 24 states,

"It is not ordinarily permissible for one person, in order to secure the conviction of another on a criminal charge, to procure him to do the act. But there is a very clear distinction between inducing a person to do an unlawful act and setting a trap to catch him in the execution of criminal designs of his own conception. It may therefore be stated as a general rule that where the doing of a particular act is a

crime regardless of the consent of anyone, the courts are agreed that **if the criminal intent originates in the mind of the accused** and the criminal offense is completed, the fact that an opportunity is furnished or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor constitutes no defense. To the argument that the act is done at the instigation or solicitation of an agent of the government, **the courts have responded that the purpose of the detective is not to solicit the commission of the offense, but to ascertain if the defendant is engaged in an unlawful business.** It is no defense that a person, acting as a decoy furnished an opportunity for the commission of the offense."

In **Volume 12, O. Jur., page 80, Section 38,** the general rule on entrapment reads:

"Where the doing of a particular act is a crime, regardless of the consent of anyone, Courts are agreed that if the criminal intent **originates** in the mind of the **accused** and the criminal offense is completed, the fact that an opportunity is furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. Where the criminal intent originates in the mind of the **entrapping person,** and the accused is lured into the commission of the offense charged in order to prosecute him therefor, it is the general rule that no conviction may be had, though the criminality of the act is not affected by any question of consent."

In applying this rule:

In 66 A. L. R. page 488, The annotations of Robinson v. United States the Court says,

"It appears to be a general rule that where a government officer or one acting for him has reasonable grounds to believe that the prohibitory liquor laws are being violated by a certain person, the fact that he merely offers to purchase a quantity of whiskey from that person, even though for the sole purpose of prosecuting the seller, is not a bar to a conviction for the illegal sale. **However, there must be no undue inducement or encouragement made in such a case.** And as is stated in the general rule, if the criminal intent originates in the mind of the entrapping person, there is an unlawful entrapment, which bars a conviction."

And further at page 494, the court says,

"As stated in the general rule, **there must not be any undue inducement such as urgent appeals to the sympathy of the accused.** What constitutes an undue inducement depends on the facts and circumstances surrounding each case; and there

appears to be no definite line drawn as to what is and what is not an unlawful inducement."

In 66 A. L. R. 498, State v. Jarvis, the court says,

"When the only inducement offered by an officer in order to promote a sale of liquor was a willingness to buy, there was not an unlawful entrapment. In order that the defendant may invoke successfully the doctrine of entrapment, according to the courts, it must appear that the criminal intent was conceived by the entrapping person, and that the accused, without prior intention to commit the crime, was inveigled into its commission by the entrapper."

In 85 Oh Ap 378, State v. Miller, the Court says,

"The rule in this state seems to be that when the doing of a particular act is a crime, regardless of the consent of anyone, if the criminal intent originates in the mind of the accused, and the criminal offense is completed the fact that an opportunity is furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. On the other hand, the defense is available to one who is induced or lured by an officer of the law or other person for the purpose of prosecution into the commission of a crime which he otherwise had no intention of committing."

Getting back again to the determining factor in this case "was this defendant urged on by the State agent to commit the crime, and if so, were the circumstances of this urging strong enough to shift the origination of the crime from the mind of the defendant to that of the agent, and for this, we must carefully review the testimony. State Agent W. H. Harshbarger on the night of July 10, 1953, secured the assistance of Calvin Bekemeier and instructed him to use a marked five dollar bill to purchase a fifth of whiskey from the defendant Miles Langdon, the testimony states that Calvin Bekemeier had known miles Langdon for 4 or 5 years, that they were pretty good friends, that he cashed Bekemeier's checks, that Mr. Bekemeier at one time lived in a room above a brother of Miles Langdon. That Bekemeier went into Langdon's place of business, bought a glass of beer, drank a couple of drinks out of it and asked for a fifth of whiskey. Langdon said that he did not like to do that, whereupon Bekemeier then stated that it was all right, that he was leaving that night on a fishing trip, and he neglected to go to the liquor store, that day, and wanted to take the liquor along on the fishing trip.

The court does not believe that Mr. Harshbarger the state agent told his decoy to say he was going on a fishing trip, but Bekemeier was acting for Harshbarger and by placing Beke-

meier in the situation, Harshbarger must naturally be responsible for the words and actions of his assistant. It was Bekemeier's job to buy the fifth of whiskey from the defendant and when Langdon did not readily sell him the whiskey, then Bekemeier used the story about the fishing trip to get the defendant to sell him the whiskey.

The people of our land are not inclined to suspect and doubt their friends on all occasions. They are more inclined to believe a person whom they have known for many years. There is a certain feeling of satisfaction we all get when we see our friends enjoy themselves and this feeling of satisfaction is increased when we are of some help to them. Always the courts refuse their aid in civil cases to the perpetration and consummation of an illegal scheme. Invariably they hold a civil action must be abated if its basis is violation of the decencies of life, disregard of the rules of public policy which formulate the ethics of men and their relations to each other. Neither courts of equity nor those administering legal remedies tolerate the use of their process to consummate a wrong. The doctrine of entrapment in criminal law is the analogue of the same rule applied in civil proceedings. This is the real basis of the courts approving the defense of entrapment.

The Court believes that when Bekemeier asked for a fifth of whiskey and by Bekemeier's own testimony Langdon said he did not want to do that, and when Bekemeier came back with the fishing trip story it was at that point that the free agency of Langdon ceased to exist and by Bekemeier's urging, the criminal intent shifted to the mind of the state agent and the defense of entrapment is therefore available to the defendant.

The demurrer of the defendant will be sustained and the defendant dismissed.